# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Paula Rhodes, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:17-cv-4297 |
| Enhanced Recovery Company, LLC, a Delaware limited liability company, | ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT – CLASS ACTION

Plaintiff, Paula Rhodes, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and b) Plaintiff and Defendant reside here.

## PARTIES

3. Plaintiff, Paula Rhodes ("Rhodes"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt, which was allegedly owed for a credit card account.

4. Defendant, Enhanced Recovery Company, LLC ("ERC"), is Delaware

limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant ERC operates a nationwide debt collection business and attempts to collect debts from consumers in several states, including consumers in the State of Indiana.  In fact, Defendant ERC was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant ERC is authorized to conduct business in the State of Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A.  In fact, Defendant ERC conducts business in Indiana.

6. Defendant ERC is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B.  In fact, Defendant ERC acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. Defendant ERC sent Ms. Rhodes an initial form collection letter, dated June 28, 2017, which stated:

Original Creditor: Kohl's Department Store, Inc.

Creditor:       Chase Bank USA N.A.

The letter then stated that "Our records indicate that your balance with Kohl's Department Stores, Inc. remains unpaid".  A copy of Defendant's letter is attached as Exhibit C.

8. Defendant's letter failed to explain what, if any, the difference was between the "original creditor" and the "creditor" and which "creditor" it was representing, or whether it was representing both.  Thus, Defendant's letter failed to

state effectively the name of the creditor to whom the debt is owed.  Moreover, Kohl's was never, in fact, the original creditor, nor was Chase Bank the creditor. Capital One was and is both the "original creditor" and the "creditor".

9. The identity of a consumer's current creditor is a critical piece of information, and the false identification of the creditor in a dunning letter would be likely to mislead a consumer in a material way and would cause the consumer to suffer a disadvantage in charting the course of action in response to the collection effort, see, Janetos v. Fulton, Friedman & Gullace, 825 F.3d 317 (7th Cir. 2016); and, Tourgeman v. Collins Financial Services, 755 F.3d 1109, 1121 (9th Cir. 2014).

10. Defendant's collection actions complained of herein (Exhibit C) occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692g(a)(2)
### Failure To Identify Effectively The Current Creditor

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, ERC had to provide Ms. Rhodes with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

14. Defendant's form collection letter violates § 1692g(a)(2) of the FDCPA because it failed to identify effectively the current creditor to whom the debt was owed.

3

See, Janetos, 825 F.3rd at 324-325; see also, Long v. Fenton & McGarvey, 2016 U.S. Dist. LEXIS 170421 (S.D. Ind. 2016); Pardo v. Allied Interstate, 2015 U.S. Dist. Lexis 125526 (S.D. Ind. 2015); Deschaine v. National Enterprise Systems, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. 2013); Walls v. United Collection Bureau, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012); Braatz v. Leading Edge Recovery Solutions, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011).

15. Defendant's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692e Of The FDCPA – False, Deceptive Or Misleading Collection Actions

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, see, 15 U.S.C. § 1692e.

18. Making a false statement as to the name of the original creditor is a materially misleading statement, which violates of § 1692e of the FDCPA, see, Tourgeman, 755 F.3d at 1122. By stating that Chase Bank and/or Kohl's were the creditor when, in fact, neither were a creditor, Defendant's letter violated § 1692e of the FDCPA.

19. Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

20. Plaintiff adopts and realleges ¶¶ 1-11.

21. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

22. Defendant, by wrongly stating that Chase Bank and/or Kohl's were the creditor when, in fact, neither was the creditor, violated § 1692f of the FDCPA.

23. Defendant's violation of § 1692f of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

24. Plaintiff, Paula Rhodes, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a delinquent consumer debt, via the same form collection letter that Defendant sent to Plaintiff, which identified the "creditor" as "Kohl's Department Stores, Inc." and the "original creditor" as "Chase Bank USA, N.A." (Exhibit C), when the creditor was actually Capital One, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

25. Defendant ERC regularly engages in debt collection, using the same form collection letter they sent Plaintiff Rhodes, in its attempts to collect delinquent consumer debts from other consumers.

26. The Class consists of more than 35 persons from whom Defendant ERC attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiff Rhodes.

27. Plaintiff Rhodes's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

28. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

29. Plaintiff Rhodes will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Rhodes has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Paula Rhodes, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Rhodes as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendant's form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Rhodes and the Class, and against Defendant ERC, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Paula Rhodes, individually and on behalf of all others similarly situated, demands trial by jury.

                                                Paula Rhodes, individually and on
                                                behalf of all others similarly situated,

                                                By: /s/ David J. Philipps_____
                                                One of Plaintiff's Attorneys

Dated: November 16, 2017

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com

8