UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

PAULA RHODES individually and on behalf )
of all others similarly situated,             )
                                              )
                    Plaintiff,                )
                                              )
        v.                                    )        No. 1:17-cv-04297-SEB-TAB
                                              )
ENHANCED RECOVERY COMPANY, LLC )
a Delaware limited liability company,         )
                                              )
                    Defendant.                )

**ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

This cause is now before the Court on Plaintiff's Motion for Class Certification

[Docket No. 32], filed on June 4, 2018, pursuant to Rule 23 of the Federal Rules of Civil

Procedure.  Plaintiff Paula Rhodes filed this purported class action on behalf of herself

and all those similarly situated alleging that Defendant Enhanced Recovery Company,

LLC violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"),

15 U.S.C. § 1692, *et seq*., through the sending of a form debt collection letter that failed

to properly identify the original creditor as well as the creditor to whom the debt was then

owed.  For the reasons detailed below, we <u>GRANT</u> Plaintiff's Motion for Class

Certification.

**<u>Factual Background</u>**

Defendant sent Ms. Rhodes an initial form collection letter dated June 28, 2017,

which provided that the company's records "indicate that your balance with Kohl's

Department Stores, Inc. remains unpaid."  Exh. C to Compl.  The collection letter

identified the "Original Creditor" as "Kohl's Department Store, Inc." and the "Creditor" as "Chase Bank USA N.A." *Id.* The letter did not explain the difference, if any, between the "original creditor" and the "creditor," nor did it identify which creditor it was representing. *See id*. Ms. Rhodes alleges that Kohl's was never in fact the original creditor, nor was Chase Bank the creditor to whom the debt was then owed. Rather, both the "original creditor" and the "creditor" should have been identified as Capital One.

On November 16, 2017, Ms. Rhodes filed her putative class action complaint in this court, alleging that Defendant's form collection letter violated various provisions of the FDCPA. Ms. Rhodes moved for class certification on June 4, 2018, requesting that the court certify a class with the following definition:

> [A]ll persons similarly situated in the State of Indiana from whom Defendant attempted to collect a defaulted consumer debt, via the same for[m] collection letter that Defendant sent to Plaintiff, which identified the "creditor" as "Kohl's Department Store, Inc." and the "original creditor" as "Chase Bank USA, N.A.," when the creditor was actually Capital One [], from one year before the date of the initial Complaint [] to the present.

Pl.'s Mem. at 4.

## Legal Analysis

### I.      Applicable FDCPA Provisions

Ms. Rhodes's class action claim arises under the FDCPA. The FDCPA was enacted to address "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692. Relevant to this case are § 1692e of the FDCPA, which regulates the use of false or misleading information in collection notices, § 1692g of the Act, which governs a debt collector's "initial communication with a consumer in connection with the collection of

any debt," and § 1692f of the FDCPA, which regulates the use of unfair or unconscionable collection actions.  Ms. Rhodes has brought her suit pursuant to the FDCPA, on behalf of herself and a proposed class of similarly situated individuals, alleging that Defendant's form collection letter violated the Act by misidentifying the name of the original creditor as well as the creditor to whom the debt was then owed. She is seeking recovery for "statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA."  Compl. at 7.

## II.    Rule 23 Standard

Rule 23 sets out four threshold requirements for certification of a class action. A district court may certify a class only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. Pro. 23(a). In addition, a class action is appropriate only when at least one of the following factors is present: there is a risk that prosecuting the matter in separate actions will create incompatible standards of conduct binding the defendant; adjudication of separate individual claims would prejudice the interests of potential parties not joined to the suit; the defendant has acted or refused to act on grounds that apply generally to the putative class; or the court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. Pro. 23(b).  Finally, the class must

be "identifiable as a class," meaning that the "class definition[] must be definite enough that the class can be ascertained." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006) (citation omitted).

## III.  Discussion

### A.  Ascertainable Class

Defendant first argues that Ms. Rhodes's class certification motion must be denied because she has failed to provide "evidence demonstrating the ease with which [the proposed] class can be ascertained." Def.'s Resp. at 4. This argument is unavailing, however, as "the ascertainability requirement focuses only on the adequacy of class definition itself; not on whether it would be difficult to identify particular members of the class." *Smith v. GC Servs. Ltd. P'ship*, 1:16-cv-01897-RLY-DML, 2017 WL 3017272, at *2 (S.D. Ind. July 17, 2017) (citing *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 659 (7th Cir. 2015) (rejecting a heightened ascertainability requirement).

To be ascertainable, the class must be "defined clearly" and membership in the class must "be defined by objective criteria." 795 F.3d at 657. Class definitions fail the ascertainability requirement "when they [a]re too vague or subjective, or when class membership [i]s defined in terms of success on the merits (so-called 'fail-safe' classes)." *Id.* The class definition here is both clear and objective as it is based on receipt of the same form debt collection letter sent to all putative class members. The ascertainability of the class is further demonstrated by the fact that in response to Ms. Rhodes's discovery request regarding the number of individuals in the State of Indiana who, in an effort to collect a defaulted consumer debt, were sent the identical form debt collection letter she

4

received, Defendant produced a spreadsheet of 509 individuals who had been sent the same letter identifying Kohls as the "original creditor" and Chase Bank as the "creditor." Accordingly, we are persuaded that the class defined by Ms. Rhodes is ascertainable.

### B.    Rule 23

#### 1.    Numerosity

To be eligible for certification, a proposed class must be so numerous that joinder of all the members as plaintiffs would be impracticable. Fed. R. Civ. Pro. 23(a)(1). "'Although there is no "bright line" test for numerosity, a class of forty is generally sufficient to satisfy Rule 23(a)(1).'" *A.M.T. v. Gargano*, 1:10-cv-0358-JMS-TAB, 2010 WL 4860119, at *3 (S.D. Ind. Nov. 22, 2010) (quoting *McCabe v. Crawford & Co.*, 210 F.R.D. 631, 644 (N.D. Ill. 2002) (collecting cases)); *see also Hubler Chevrolet, Inc. v. Gen. Motors Corp.*, 193 F.R.D. 574, 577 (S.D. Ind. 2000). Ms. Rhodes maintains in her motion that a total of 509 putative plaintiffs comprise her proposed class. A class of this size easily satisfies the numerosity requirement and Defendant does not argue otherwise.

#### 2.    Commonality

Rule 23's commonality criterion requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (citation omitted). Here, Defendant does not dispute that the commonality requirement is satisfied. We agree. Ms. Rhode's FDCPA claims are based on the same form debt collection letter sent to each member of the putative class and the primary issues in this case, to wit, whether that form letter contained misleading or false

information and whether it improperly identified the creditor in violation of the FDCPA, present common questions of law. Therefore, Ms. Rhodes has met her burden to show that common issues of law and fact exist.

### 3.    Typicality

"The question of typicality in Rule 23(a)(3) is closely related to the … question of commonality." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). A "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Keele*, 149 F.3d at 595 (internal quotation marks and citations omitted). Here, it is undisputed that Ms. Rhodes's claims, like those of the putative class members, are brought pursuant to the FDCPA, involve receipt of the identical form debt collection letter, and arise out of the same course of conduct by Defendant. Accordingly, her claims meet the typicality requirement.

Defendant argues that Ms. Rhodes is unable to satisfy the typicality requirement because she has failed to demonstrate that her debt is, in fact, a consumer debt, which precludes her from establishing that her claims are typical of the claims of the proposed class. We are not persuaded by this argument. Whether a debt is a consumer debt covered by the FDCPA turns on whether the transaction(s) out of which the debt arose was "primarily for personal, family, or household purposes." 15 U.S.C. § 1962a(5).

Here, Ms. Rhodes's complaint clearly alleges that her Kohl's debt was a consumer debt and there is nothing in the record to the contrary, such as evidence establishing that

Ms. Rhodes operated a business or that the purchases were made on a business credit card or using a business checking account. There is simply no indication that Ms. Rhodes's debt, which was incurred at Kohl's, a retail store dealing in consumer goods, is anything other than a consumer debt. *See Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 n.4 (7th Cir. 1974) (noting in the context of the Truth in Lending Act, which requires that transactions be made for personal purposes, that when an establishment is a retail operation, the commercial users of credit are "minimal in the overall picture"). Moreover, Defendant itself treated Ms. Rhodes's debt as consumer debt by including the notices required by § 1693g and § 1692e(11) in the collection letter it sent to her, neither of which is required to collect a business debt. For these reasons, we find that Ms. Rhodes has met her burden to show that her debt was consumer debt and thus covered under the FDCPA and has otherwise satisfied the typicality requirement.

### 4. Adequacy of Representation

Rule 23(a)(4) requires that the named plaintiff "fairly and adequately protect the interests of the class." This determination rests on several factors, including whether the named plaintiff has interests that are antagonistic to the class, whether the named plaintiff has a sufficient interest in the outcome of the litigation to ensure vigorous advocacy, and the adequacy of the named plaintiff's counsel. *See Fosnight v. LVNV Funding, LLC*, 310 F.R.D. 389, 393 (S.D. Ind. 2015). Here, Ms. Rhodes's claims are identical to those of the putative class members; therefore, her interests are not antagonistic to those of the proposed class. She has sufficient interest in the lawsuit because she stands to recover

damages on behalf of herself as well as the class. Defendant does not question the qualifications of Ms. Rhodes's counsel and the record shows that her attorneys are experienced in class action litigation, including FDCPA class actions. For these reasons, we find that Ms. Rhodes has demonstrated that she will adequately represent the interests of the putative class.

### 5. Rule 23(b)(3) Requirement

In addition to the four threshold criteria of Rule 23(a), a proposed class must meet one of the additional four requirements set forth in Rule 23(b). Here, Ms. Rhodes argues that the class satisfies Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. Pro. 23(b)(3). The Rule further provides that the factors pertinent to certification on these grounds include: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. *Id.*

Common questions of law and fact clearly predominate over individual issues with regard to the class claims in this litigation. Ms. Rhodes alleges that the same letter was sent to all class members and that the letter misidentified the creditor in the same manner

as to each class member. Additionally, the sole issue in this case, to wit, whether the letter violates the FDCPA, is identical as to each putative plaintiff.

Defendant argues that determining whether the debts of each putative class member arose from transactions primarily for personal, family, or household purposes will require "mini-trials as to each proposed class member," and thus, that individual issues predominate. Def.'s Resp. at 9. This argument has been roundly rejected by courts in this circuit, however, given that this is a determination that must be made in every FDCPA class action. *See, e.g.*, *Wilborn v. Dun & Bradstreet Corp.*, 180 F.R.D. 347, 357 (N.D. Ill. 1998) ("The need to show that transactions involved in a particular case are consumer transactions is inherent in every FDCPA class action[]. If that need alone precluded certification, there would be no class actions under the FDCPA."); *Sledge v. Sands*, 182 F.R.D. 255, 258 (N.D. Ill. 1998) (holding that denying class certification on this basis "would be contrary to the clear remedial goals of the FDCPA"). Moreover, in a similar context, the Seventh Circuit has recognized that, in general, commercial purchases will "frequently be readily identified by the listing of the name of the business as the purchaser ...." *Haynes*, 503 F.2d at 1165 n.4. For these reasons, we are persuaded that common issues of fact and law predominate here.

Finally, we hold that a class action is superior to other available methods of litigation in this case. Defendant's main argument opposing superiority is similar to their argument opposing predominance, to wit, that a class action is not an appropriate vehicle in this case because of the individualized determinations required of the court with regard to the nature of the debts of each proposed class member. We reject this argument for the

same reasons explained above.  Because the FDCPA claims of the more than 500 putative class members are all based on the identical debt collection letter sent by Defendant, there are many common issues of fact and law presented here that far outweigh the individual issues the court must decide.  Although it is true as Defendant argues that the court will be required to determine the nature of the debts of each of the putative class members, common issues nevertheless heavily predominate.  It is well-recognized that "'the more common issues predominate over individual issues, the more desirable a class action lawsuit will be as a vehicle for adjudicating the plaintiffs' claims.'"  *Messner v. Northshore Univ. Health Sys.*, 669 F.3d 802, 814 n.5 (7th Cir. 2012) (quoting *Klay v. Humana, Inc.*, 382 F.3d 1241, 1269 (11th Cir. 2004)).

Defendant also argues that, because the FDCPA is a fee-shifting statute, putative class members will have sufficient incentive to bring their own lawsuits and a class action is therefore not superior to individual suits.  The Seventh Circuit has recognized however, that this argument assumes that individual class members will be aware of their rights, be able to find attorneys to take their cases, and be willing to subject themselves to the rigors of litigation, which "are considerations that cannot be dismissed lightly in assessing whether a class action or a series of individual lawsuits would be more appropriate for pursuing the FDCPA's objectives."  *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997).  Here, given the relatively small recovery likely at issue for each consumer's claim, we are not persuaded that, even with the potential to recover attorney's fees in addition to damages, individual plaintiffs would be sufficiently incentivized to bring solo actions.  *See Pastor v. State Farm Mut. Auto Ins. Co.*, 487 F.3d 1042, 1047

(7th Cir. 2007) ("'The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.'") (quoting *id.*).

For these reasons, and because proceeding with a class action in this case will undoubtedly conserve judicial resources in comparison to conducting numerous individual trials, we find the superiority requirement of Rule 23(b)(3) is met.

## IV.  Conclusion

For the foregoing reasons, we <u>GRANT</u> Plaintiff's Motion for Class Certification[1] and the following class shall be certified in this matter:

> All persons within the State of Indiana[2] from whom Defendant attempted to collect a defaulted consumer debt, via the same form collection letter that Defendant sent to Plaintiff, which identified the "creditor" as "Kohl's Department Store, Inc." and the "original creditor" as "Chase Bank USA, N.A.," when the creditor was actually Capital One, from one year before the date of the initial Complaint to the present.

IT IS SO ORDERED.

Date:  ___10/19/2018___                      _Sarah Evans Barker_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] Defendant has indicated in its response in opposition to Plaintiff's class certification motion that it intends to apply to the Multi District Litigation Panel to have this case and four other unidentified cases joined for purposes of conducting discovery regarding a potential *bona fide* error defense and argues without further explanation that "it would be more appropriate to consider the issue of class certification after Defendant makes its application to the MDL Panel." Def.'s Resp. at 2.  We are not persuaded that Defendant's potential application to the MDL Panel is an adequate basis on which to delay a ruling on Plaintiff's motion for class certification.

[2] For purposes of clarity, we have in our discretion modified slightly this wording from Plaintiff's proposed class definition.  *See In re Motorola Securities Litigation*, 644 F.3d 511, 518 (7th Cir. 2011) (recognizing that "a district court has the authority to modify a class definition at different stages of the litigation").

Distribution:

Patrick B. Healy
LEWIS BRISBOIS BISGAARD & SMITH, LLP (Ft. Wright)
patrick.healy@lewisbrisbois.com

Larissa G. Nefulda
LEWIS BRISBOIS BISGAARD & SMITH LLP
larissa.nefulda@lewisbrisbois.com

David J. Philipps
PHILIPPS AND PHILIPPS, LTD.
davephilipps@aol.com

Mary E. Philipps
PHILIPPS AND PHILIPPS, LTD.
mephilipps@aol.com

Carissa Rasch
PHILIPPS AND PHILIPPS, LTD.
carissa@philippslegal.com

Angie K. Robertson
PHILIPPS AND PHILIPPS, LTD.
angie@philippslegal.com

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

Stephen H. Turner
LEWIS BRISBOI BISGAARD & SMITH LLP
stephen.turner@lewisbrisbois.com