UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAULA RHODES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-04297-SEB-TAB |
| | ) |
| ENHANCED RECOVERY COMPANY, LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Paula Rhodes brings this action on behalf of herself and those similarly situated[1] against Defendant Enhanced Recovery Company, LLC ("Enhanced Recovery"), alleging that Enhanced Recovery violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, through the sending of a form debt collection letter that failed to properly identify the original creditor as well as the creditor to whom the debt was then owed.

---

[1] A class was certified in this case on October 19, 2018.

1

This cause is now before the Court on the parties' cross motions for summary judgment [Dkt. Nos. 89 and 91], both filed on September 30, 2019.[2]  For the reasons detailed below, the parties' cross-motions are <u>GRANTED IN PART</u> and <u>DENIED IN PART</u>.

## Factual Background

Over ten years ago, Ms. Rhodes opened a Kohl's Department Store ("Kohl's") credit card account in order to purchase consumer goods.  The credit card billing statements Ms. Rhodes received in connection with the Kohl's card displayed the Kohl's logo at the top of the page, referred to the account as the "Kohl's Charge" and, on the first page of the billing statement, directed the cardholder to make payments either on Kohls.com or by mailing a check payable to Kohl's to Kohl's Payment Center.  The reverse side of the billing statements informed the consumer that the Kohl's credit card account "is issued by Capital One, N.A. and is governed by the Cardmember Agreement" and that Capital One is the entity to which disputes should be addressed.  Dkt. 97-1.  Ms.

---

[2] On April 22, 2020, Plaintiff filed a Motion for Leave to File Supplemental Authority in Support of Motion for Summary Judgment [Dkt. 108].  Defendant did not respond to Plaintiff's motion.  Accordingly, that motion is hereby <u>GRANTED</u>.

Rhodes testified that "[o]ne time [she] saw Chase on the bill …," but it is not clear when she saw that reference or in which communication it appeared.  Rhodes Dep. at 17.

Ms. Rhodes at some point stopped paying on her Kohl's credit card account debt.  She received a letter on Kohl's letterhead dated March 7, 2017, stating that Kohl's agreed to settle the "Kohl's Credit Card Account issued by Capital One Bank, N.A." with a balance of $742.35. Dkt. 92-3.  The letter directed Ms. Rhodes to call Kohl's to make a payment or to send a check or money order (payable to Kohl's) to "Kohl's Department Stores Inc., Attn: Collection Support, N54 W13600 Woodale Dr., Menomonee Falls, WI 53051."  *Id.*

Defendant Enhanced Recovery, a company in the business of servicing debts on behalf of its clients, was retained by Kohl's to collect Ms. Rhodes's debt.  On June 28, 2017, Enhanced Recovery sent Ms. Rhodes a collection letter which included the following information:

    Creditor: Kohl's Department Store, Inc.

    Original Creditor: Chase Bank USA N.A.

    Re: Your Kohl's Credit Card Account: XXXXXXXX4452

3

>Amount of Debt: $519.36
>
>Reference Number: ******802
>
>Settlement Amount: $259.68

Dkt. 90-1.  The letter provided as follows: "Our records indicate that your balance with Kohl's Department Stores, Inc. remains unpaid; therefore[,] your account has been placed with [Enhanced Recovery] for collection efforts.  We are willing to reduce your outstanding balance by offering a discounted payoff amount of $259.68."  *Id.*

It is undisputed that, at the time Enhanced Recovery sent this letter, Capital One was the financial backer and issuer of the Kohl's credit card.  Ms. Rhodes claims that it was therefore Capital One, not Kohl's, who was the creditor to whom the debt was owed.  Although Kohl's had allegedly informed Enhanced Recovery that Capital One should have been identified in some manner in the collections letter, due to an alleged "mapping error," this information was not included in the letters sent to Ms. Rhodes and the other class members.  It is not clear how this mapping error occurred.

At her deposition, Ms. Rhodes testified that she was confused and upset by the debt collection letter she received from Enhanced Recovery. Specifically, she testified that when she applied for the Kohl's credit card, she believed that she had applied with Capital One, but then received a letter referencing Chase as the original creditor. According to Ms. Rhodes, she "wasn't really sure what was going on" and was "overwhelmed with all of this." Rhodes Dep. at 32–33, 41, 43, 51.

Following receipt of the collection letter from Enhanced Recovery, Ms. Rhodes received a second letter on Kohl's letterhead, dated July 30, 2017, referencing her "Kohl's Credit Card Account issued by Capital One Bank, N.A." and informing Ms. Rhodes that a payment she had scheduled had been declined. Dkt. 92-14. That letter directed Ms. Rhodes to contact Kohl's at the number provided or to visit "My Kohl's Charge" to reschedule the payment(s). *Id.* She was instructed to make her check or money order payable to Kohl's, to include her Kohl's account number on the check or money order, and to mail the payment to "Kohl's Payment Center, P.O. Box 2983, Milwaukee, WI 53201-

2983." *Id.* The letter is signed by Kohl's Customer Service and Operation Center.

Ms. Rhodes filed the instant action on behalf of herself and those similarly situated on November 16, 2017, alleging that Enhanced Recovery violated §§ 1692e, 1692g, and 1692f of the FDCPA through the form debt collection letter it sent by misidentifying the original and current creditors. A class was certified in this action on October 19, 2018 of all 509 persons in the State of Indiana who received a form debt collection letter similar to the letter Enhanced Recovery sent to Ms. Rhodes at any time between November 16, 2016 to the present. Dkt. 60; Dkt. 84-1. On September 30, 2019, the parties filed cross-motions for summary judgment which are now before the Court for decision.

## Legal Analysis

### I. Summary Judgment Standard

Summary judgment is appropriate where there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A court must grant a motion for summary

judgment if it appears that no reasonable trier of fact could find in favor of the nonmovant on the basis of the designated admissible evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). We neither weigh the evidence nor evaluate the credibility of witnesses, *id.* at 255, but view the facts and the reasonable inferences flowing from them in the light most favorable to the nonmovant. *McConnell v. McKillip*, 573 F. Supp. 2d 1090, 1097 (S.D. Ind. 2008).

Because these are cross-motions for summary judgment and the same Rule 56 standards apply, our review of the record requires us to draw all inferences in favor of the party against whom a particular issue in the motion under consideration is asserted. *See O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 983 (7th Cir. 2001) (citing *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)).

## II. The FDCPA

The FDCPA aims at remedying the use of "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). To prevail on a claim under the FDCPA, a plaintiff must prove that he or she has been the object of collection activity arising from a consumer debt, that the

defendant is a debt collector as defined by the statute, and that the defendant has engaged in an act or omission that the FDCPA prohibits. *See* 15 U.S.C. § 1692.

As relevant in this case, the FDCPA requires that a debt collector, within five days of its first communication with a consumer, provide the consumer with a written notice containing, among other information, "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). In addition, the FDCPA forbids debt collectors from making "false, deceptive, or misleading representation[s]," 15 U.S.C. § 1692e, or from using "unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f.

In determining whether the contents of a debt collector's communication with a debtor are "false or misleading," the Seventh Circuit has directed district courts to view the communication from the point of view of an "unsophisticated consumer"—one who is "uninformed, naive, or trusting," albeit not a "dimwit." *Wahl v. Midland Credit Mgmt. Inc.,* 556 F.3d 643, 645 (7th Cir. 2009) ("The

'unsophisticated consumer' isn't a dimwit. She may be 'uninformed, naive, [and] trusting,' but she has 'rudimentary knowledge about the financial world' and is 'capable of making basic logical deductions and inferences.") (citations omitted). A plaintiff cannot successfully plead a violation of § 1692e, however, simply by pointing to some formal, but immaterial mistake in the debt collector's form of communication. "A statement cannot mislead unless it is material, so a false but non-material statement is not actionable." *Hahn v. Triumph P'ships LLC,* 557 F.3d 755, 758 (7th Cir. 2009).

    How a particular notice affects its intended audience "is a question of fact." *See Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 501 (7th Cir. 1999); *Headen v. Asset Acceptance, LLC*, 383 F. Supp. 2d 1097, 1102 (S.D. Ind. 2005). Where the language of a challenged communication is "plainly and clearly not misleading," extrinsic evidence is not needed "to show that the debt collector ought to prevail in such cases." *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 322–23 (7th Cir. 2016). Likewise, in cases in which the challenged language is "plainly

9

deceptive or misleading," extrinsic evidence is not required "for the *plaintiff* to prevail." *Id.* at 323. However, in cases in which "debt collection language … is not misleading or confusing on its face, but has the potential to be misleading to the unsophisticated consumer," the plaintiff may prevail "only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012).

## III. Discussion

### A.   § 1692g(a)(2)

We turn first to address Plaintiffs' claim that Enhanced Recovery's debt collection notice violated § 1692g(a)(2), which, as discussed above, requires a debt collector to include "the name of the creditor to whom the debt is owed" in its initial communication to the debtor or in a written notice within five days of the first communication. 15 U.S.C. § 1692g(a)(2). Here, Enhanced Recovery's initial communication identified "Kohl's Department Store, Inc." as the "creditor" and "Chase

Bank USA N.A." as the "original creditor," but did not reference Capital One anywhere in the letter. Plaintiffs claim that Enhanced Recovery's failure to identify Capital One as the creditor to whom the debt was owed violated § 1692g(a)(2)'s disclosure requirements. Enhanced Recovery rejoins that, because Kohl's is in fact a "creditor" as defined by the FDCPA and is also the trade name the unsophisticated debtor would associate with their debt, its initial communication to Plaintiffs identifying the creditor as Kohl's did not violate § 1692g(a)(2).

In support of its argument, Enhanced Recovery relies heavily on the analysis of the District Court for the Eastern District of New York in *Bryan v. Credit Control, LLC*, No. 18-cv-0865 (SJF)(SIL), 2018 WL 6520730 (E.D.N.Y. Dec. 11, 2018). In *Bryan*, the defendant debt collector listed Kohl's as its "client" and Chase Bank as the "original creditor" but did not reference Capital One, the current creditor, anywhere in its communication. There, as here, the plaintiffs claimed that the defendant's failure to list Capital One as the creditor violated §§ 1692g(a)(2) and 1692e of the FDCPA. In granting the defendant's motion for judgment on the pleadings, the district court held that Kohl's

11

qualified as a creditor under the FDCPA because it was the entity offering credit accounts to its customers, facilitating the incurrence of monetary obligations through transactions by consumers exclusively at its stores, and collecting the resulting monies owed. 2018 WL 6520730, at *4. The district court reasoned that the unsophisticated debtor would not be concerned with the identity of the technical owner of the debt as they might never had interacted with Capital One in connection with their Kohl's credit card but would obviously be familiar with Kohl's and would understand the communication to be an attempt to collect the debt incurred using the Kohl's charge. The district court concluded that the collection letter's reference to Kohl's as the defendant's "client" therefore complied with the Act's required inclusion of "the name of the creditor to whom the debt is owed." *Id.* at *4–*5.

    However, the Second Circuit Court of Appeals recently overturned the Eastern District of New York's decision in *Bryan*, holding that "the mere fact that Kohl's participated in the credit card program with Capital One and played an active role in the servicing of accounts does not necessarily convert Kohl's into a creditor, and certainly not into the

creditor to whom the debt is owed." *Bryan v. Credit Control, LLC*, 954 F.3d 576, 581 (2d Cir. 2020). That entity, according to the Second Circuit, was Capital One, as the Kohl's Cardmember Agreement identified Capital One as "the creditor and issuer of the Account," and provided that Kohl's was only "an 'agent' responsible for 'servicing [the] Account on [Capital One's] behalf.'" *Id.* Because "the collection letter did not identify Capital One at all," the Second Circuit held that "it did not comply with Section 1692g." *Id.*

We find the reasoning of the Second Circuit persuasive here. The FDCPA required Enhanced Recovery's letter to identify the "creditor to whom the debt is owed" in a manner "clear[] enough that the recipient would likely understand it." *Janetos*, 825 F.3d at 321. Even if Kohl's could be considered a creditor under the FDCPA, it is clearly not the "creditor to whom the debt is owed," despite its role as servicer of the account. *See* Dkt. 97-1 ("If you think there is an error on your statement, write to Capital One, N.A. *through our servicer at: Kohl's* …."). Rather, the undisputed evidence makes clear that Capital One, the issuer and financial backer of the Kohl's account, is the creditor. It is

13

undisputed that Capital One is not referenced anywhere in Enhanced Recovery's letter. Thus, on its face, the letter failed to disclose the information required by § 1692g(a)(2).[3]

Extrinsic evidence of confusion "is not necessary here, where § 1692g(a)(2) requires a particular disclosure—the name of the current creditor—and defendant['s] letter[] simply fail[s] to provide it, directly or indirectly." *Janetos*, 825 F.3d at 323. "Section 1692g(a) also does not have an additional materiality requirement, express or implied." *Id.* at 319. Accordingly, because the undisputed facts before us establish that Enhanced Recovery's letter to Plaintiffs violated § 1692g(a)(2) by

---

[3] Enhanced Recovery argues that the Seventh Circuit's ruling in *Smith v. Simm Associates, Inc.*, 926 F.3d 377 (7th Cir. 2019), supports a finding that it complied with § 1692g(a)(2) by naming Kohl's as the creditor. In *Smith*, the communication at issue identified PayPal as the "client" and listed the actual creditor, Comenity Capital Bank, as the "original creditor." In affirming summary judgment in favor of the debt collector defendants, the Seventh Circuit held that § 1692g(a)(2) does not require the use of any specific terminology when identifying the creditor, and thus, the fact that Comenity Capital Bank was listed as the "original creditor" rather than the "current creditor," as the plaintiffs argued it should have been identified, was not violative of the FDCPA, particularly since it was the only creditor listed in the communication and the letter also disclosed the commercial name of PayPal (importantly, as the "client" *not* as the "creditor"), which the consumer would be more likely to recognize. However, unlike the communication in *Smith*, the letter at issue here does not reference the actual creditor, Capital One, in any fashion, but instead identifies two other entities as "creditors," neither of which is the current owner of the debt. The fact that Kohl's—the commercial name with which consumers would likely be most familiar—is one of the entities identified as a creditor in the letter does not cure Enhanced Recovery's failure to provide the name of the actual creditor to whom the debt is owed as required by § 1692g(a)(2). The remaining cases cited by Enhanced Recovery in support of its position are either similarly distinguishable or are not binding on this court.

failing to identify the creditor to whom the debt is owed, Plaintiffs are entitled to summary judgment as to liability under that provision.

### B. §§ 1692e and 1692f

Plaintiffs also claim that Enhanced Recovery's failure to identify Capital One as the creditor in its collection letter and instead listing Kohl's as the "creditor" and Chase as the "original creditor" constituted a "false, deceptive, or misleading representation … in connection with the collection of any debt," in violation of § 1692e, and a "fair or unconscionable means to collect or attempt to collect any debt," in violation of § 1692f. Because Plaintiffs' § 1692e and § 1692f claims rest on the same premise, to wit, that Enhanced Recovery's letter was false or misleading and caused confusion regarding the entity to whom the debt was owed and thus was also an unfair or conscionable means to collect their debt, "the two succeed or fail together." *Driver v. LJ Ross Assocs., Inc.*, No. 3:18-cv-00220-MPB-RLY, 2019 WL 4060098 (S.D. Ind. Aug. 28, 2019) (citing *Wood v. Allied Interstate, LLC*, 17 C 4921, 2018 WL 6830333, at *2 (N.D. Ill. Dec. 28, 2018)).

15

Under the FDCPA, a statement is not "false [or deceptive, or misleading]" unless "it would confuse the unsophisticated consumer." *Wahl*, 556 F.3d at 645–46. Thus, unlike their claim under § 1692g(a)(2), to prevail on their § 1692e and § 1692f claims, Plaintiffs "must show either that the text of the challenged letters 'plainly reveal that [they] would be confusing to a significant fraction of the population,' or that extrinsic evidence supports the claim of confusion." *Simkus v. Cavalry Portfolio Servs., LLC*, 12 F. Supp. 3d 1103, 1110–11 (N.D. Ill. 2014) (citing *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 415 (7th Cir. 2005)). Since Plaintiffs have not presented any extrinsic evidence of confusion on summary judgment, they must show that Enhanced Recovery's misidentification of the creditor "is plainly and clearly misleading on its face, thus eliminating any need for evidence of its deceptive nature." *Lox*, 689 F.3d at 822.

Here, despite having determined that Capital One is the "creditor to whom the debt is owed," we are not persuaded that Enhanced Recovery's failure to identify Capital One as the creditor was "plainly and clearly misleading on its face" such that extrinsic evidence of confusion is

rendered unnecessary in this case. Given that the Plaintiffs' debts arose from use of the Kohl's-branded credit card, the billing statements for the account came from Kohl's, Kohl's name and logo were prominently displayed on those statements, and the cardholder was instructed to make payments either on Kohls.com or by mailing a check payable to Kohl's to Kohl's Payment Center, Kohl's is no doubt the entity that the unsophisticated consumer would most readily associate with their debt. A cardholder who has purchased goods from Kohl's using their Kohl's-branded credit card and then made payments to Kohl's for those purchases may never have interacted with Capital One (or Chase, for that matter) in connection with their Kohl's charge and is likely to be unaware that the precise credit relationship with any entity other than Kohl's. As recognized by the Second Circuit in *Bryan*, "it is far from clear that [the debt collector's] failure to identify Capital One constituted a materially misleading statement under Section 1692e—indeed it might be argued that if [the debt collector] had identified Capital One and not Kohl's, such an action 'likely would have *caused* confusion' …." 954 F.3d at 582.

This is not a case in which the debt collection language at issue is on its face so plainly misleading that it would be considered confusing by a significant fraction of the population.[4] To the contrary, we find that, while having the potential to mislead the unsophisticated consumer, *most* consumers upon receiving Enhanced Recovery's letter would understand the communication to be an attempt to collect the debt incurred using their Kohl's credit card. Plaintiffs must therefore present extrinsic evidence of consumer confusion to prevail on their claims under §§ 1692e and 1692f, and, because they have not done so, Enhanced Recovery is entitled to summary judgment on these claims.

## IV. Conclusion

For the reasons detailed above, the parties' cross motions for summary judgment are <u>GRANTED IN PART</u> and <u>DENIED IN PART</u>.

---

[4] Plaintiffs cite to our prior decision in *Green v. Monarch Recovery Management, Inc.*, No. 1:13-cv-00418-SEB-MJD, 2015 WL 4599480 (S.D. Ind. July 29, 2015), for the proposition that a debt collection letter which misidentifies the creditor is plainly misleading on its face. The facts in *Green* are easily distinguishable from those presented here, however. In *Green*, due to an inputting error, the collections letter at issue identified as the creditor an entity which had absolutely no connection to the actual creditor or any relation to the debt, which we found would undoubtedly be considered confusing by the unsophisticated consumer. *Id.* at *5. In this case, Kohl's, while not the actual creditor, is the entity the unsophisticated consumer would most readily connect with the debt and understand to be associated with their Kohl's credit card account, making confusion less certain.

Plaintiffs' Motion for Summary Judgment [Dkt. 89] is GRANTED as to their claim brought pursuant to 15 U.S.C. § 1692g(a)(2) and DENIED as to their 15 U.S.C. §§ 1692e and 1692f claims.  Defendant's Motion for Summary Judgment [Dkt. 91] is correspondingly DENIED as to Plaintiffs' § 1692g(a)(2) claim and GRANTED as to their §§ 1692e and 1692f claims.

    IT IS SO ORDERED.

Date: _____7/21/2020_____        _Sarah Evans Barker_____

                                                            SARAH EVANS BARKER, JUDGE
                                                             United States District Court
                                                              Southern District of Indiana

Distribution:

Kari H. Halbrook
LEWIS BRISBOIS BISGAARD & SMITH LLP
kari.halbrook@lewisbrisbois.com

Benjamin Charles Hoffman
LEWIS BRISBOIS BISGAARD & SMITH LLP
ben.hoffman@lewisbrisbois.com

Larissa G. Nefulda
LEWIS BRISBOIS BISGAARD & SMITH LLP
larissa.nefulda@lewisbrisbois.com

Mary E. Philipps
PHILIPPS AND PHILIPPS, LTD.
mephilipps@aol.com

David J. Philipps
PHILIPPS AND PHILIPPS, LTD.
davephilipps@aol.com

Angie K. Robertson
PHILIPPS AND PHILIPPS, LTD.
angie@philippslegal.com

John Thomas Steinkamp
JOHN STEINKAMP & ASSOCIATES
John@johnsteinkampandassociates.com

Stephen H. Turner
LEWIS BRISBOI BISGAARD & SMITH LLP
stephen.turner@lewisbrisbois.com