# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| Paula Rhodes, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:17-cv-4297-SEB-TAB |
| Enhanced Recovery Company, LLC, a Delaware limited liability company, | ) ) ) ) |
| Defendants. | ) |

## ORDER GRANTING FINAL APPROVAL
## OF CLASS ACTION SETTLEMENT

This cause comes before the Court for final approval of the Class Action Settlement Agreement and for Dismissal of this action pursuant to the terms of the Motion for Final Approval of Class Action Settlement [Dkt. 122], and on the Motion to Award Attorneys' Fees and Costs [Dkt. 121], due notice having been given, and the court being duly advised in the premises:

THE COURT HEREBY FINDS THAT:

1. On January 28, 2021, the parties entered into a Class Action Settlement Agreement ("Settlement Agreement").

2. The Agreement was submitted to the Court for preliminary approval pursuant to Fed. R. Civ. P. 23.

3. Pursuant to ¶ 10 of the Settlement Agreement, the Notice of Class Action Settlement was mailed by Class Counsel to each of the 509 members of the Class via First Class U.S. Mail, whose initial class notice was not returned as undeliverable [Dkt. 118]. In response to this mailing, 47 were returned by the United States Postal Service

as undeliverable with no forwarding information, three (3) were returned with forwarding addresses and re-mailed.  Two (2) class members are deceased; with one (1) of them having an estate representative. One (1) class member returned an address confirmation form with a new address and new last name. [Dkts. 119 and 120].

4. No objections were received, no members of the Class sought leave of this Court to intervene, and no members of the Class opted-out of this action.

5. The total number of the 509 class members whose initial class notice and settlement notice were returned as undeliverable with no forwarding address is 132. Thus, 377 class members will share in the settlement.

6. The Complaint in this action alleged that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

7. Defendant denies that it has in any way violated the FDCPA.

8. The Complaint sought recovery of statutory damages pursuant to § 1692k of the FDCPA.  Under § 1692k, the maximum statutory damages recoverable by an individual plaintiff is $1,000 and the maximum statutory damages recoverable by a class is the lesser of 1% of the Defendant's net worth or $500,000.  Here, Defendant's net worth makes it potentially liable for up to $166,417.84 in statutory damages based upon Defendant's 2019 net worth.

9. The Settlement Agreement sets forth that Defendant has agreed to change the form of the collection letter, pay $1,000 to the Class Representative, Paula Rhodes for statutory damages and $2,000 as an incentive award for her services to the class, and pay $92,500 to the Class, which will be distributed pro-rata (about $245 each) to each of the 377 class members whose initial class notice and whose class

settlement notice were not returned as undeliverable by the U.S. Post Office and who did not exclude himself or herself from this action; any unclaimed funds will be paid to Indiana Legal Services, Inc., as a cy pres remedy.

10. The Court finds that the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

11. The $92,500 Class settlement fund shall be distributed, within 28 days of the final approval of the settlement, by Class Counsel, as set forth above, to each of the members of the Class whose initial class notice and whose settlement notice were not returned as undeliverable and who did not exclude themselves, which will thus mean that the 377 class members, will receive about $245 each. Any portion of the $92,500 which is unclaimed by the Settlement Class, because the Settlement check is returned as undeliverable or without a forwarding address, or because the check remains uncashed 60 days after distribution, or because money is left over after distribution, shall be distributed to the Indiana Legal Services, Inc., as a cy pres remedy. Pursuant to ¶ 9 of the Settlement Agreement, 120 days after final approval, Class Counsel shall provide the Court and Defendant's Counsel with a report regarding the number of checks that were returned or were not cashed and the amount distributed to the cy pres recipient.

12. The Defendant has agreed to pay Class Counsel $5,000 for the costs of sending out the class notice and distributing the settlement fund and pay up to $176,522 for their attorneys' fees and costs. Class Counsel has submitted a motion detailing their current hourly rates, the hours worked, and the costs incurred in prosecuting and settling this matter. Specifically, as shown by Exhibit A to Class Counsel's fee petition, Class counsel's fees and costs incurred in litigating this matter are more than the amount to be paid through this settlement [Dkt. 121]. The Court has reviewed Class Counsel's submission, finds the requested fees and costs to be reasonable; and, accordingly, grants Class Counsel's motion.

13. Pursuant to ¶ 8 of the Settlement Agreement, if no one intervenes or objects to this Settlement, Defendant shall pay to the Philipps & Philipps, Ltd., Fiduciary Account (E.I.N. 36-4325073), within 21 days of final approval of this Settlement Agreement by the District Court, the $3,000 due for the Class Representative, the $92,500 due the Class, as well as $5,000 to Class Counsel for class notice/ administration and $167,500 for the attorneys' fees and $9,022 in costs, which amount will be held in trust until the 30-day appeal period has run. If a Class Member objects or intervenes, then these amounts shall be paid within 14 days, after the appeal period has run; or, if any appeal is filed, then within 14 days of the final resolution of all appeals. Moreover, within 120 days after final approval of this Settlement by the District Court, Class Counsel shall provide Defendant's Counsel and the Court with a report stating the number of Class Members' checks which were returned or remain uncashed, and shall pay to Indiana Legal Services, Inc., any unclaimed portion of the Class Settlement Fund.

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Agreement, dated January 28, 2021, is hereby approved.

2. Plaintiff and the Class shall be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court, against Defendant, Kohl's Department Store, Inc., Chase Bank USA, N.A., Capital One, their past or present parents, affiliates, subsidiaries, successors, predecessors, and assigns, and their present or former directors, officers, employees, partners, members, principals, employees, agents, insurers and attorneys, including any and all claims that were asserted or alleged or which could have been asserted or alleged in this lawsuit; provides that (the "Released Parties"), shall be barred identically from pursuing any claim for relief under 15 U.S.C. § 1692k(a)(3), 28 U.S.C. § 1927, or F.R.C.P. Rule 11, against Plaintiff, her Counsel, or any member of the Class arising out of the claims asserted or alleged, or which could have been asserted or alleged, against (the "Released Parties"), in this action; and, reserves jurisdiction over any matters arising out of this Agreement.

3. Defendant shall pay within 21 days of the date of this Order $3,000 due for the Class Representative, $92,500 due the Class, as well as $5,000 for the class settlement administration and $167,500 for the attorneys' fees and $9,022 in costs, which amounts will be held in trust until the 30-day appeal period has run.  If a Class Member objects or intervenes, then these amounts shall be paid within 14 days, after the appeal period has run; or, if

any appeal is filed, then within 14 days of the final resolution of all appeals. Moreover, within 120 days after final approval of this Settlement by the District Court, Defendant's Counsel shall provide Class Counsel and the Court with a report stating the number of Class Members' checks which were returned or remain uncashed, and shall pay to Indiana Legal Services, Inc., any undistributed/unclaimed portion of the Class Settlement Fund.

4. This Court retains jurisdiction over all matters arising out of the Settlement Agreement, through and until final dismissal of this matter with prejudice.

5. This action is hereby dismissed without prejudice and without costs; upon filing of the final report as to the distribution of the settlement fund to the Class, this dismissal shall be converted into a dismissal with prejudice and this Court will no longer retain jurisdiction of this matter.

6. This order resolves all claims against all parties in this action.

DATED: _____5/20/2021_____   _____*signature*_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution to counsel of record via CM/ECF